```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
MARIA LOPEZ and JONATHAN CALIXTO, as
Co-Administrators of the Estate of
RAUL MELENDEZ and MARIA LOPEZ,
Individually,
                                                    COMPLAINT
                Plaintiffs,
                                                    ECF Case
        -against-

                                                    Civ No.
UNITED STATES OF AMERICA,


                Defendant,
-------------------------------------------X
```

Plaintiffs, MARIA LOPEZ and JONATHAN CALIXTO, as Co-Administrators of the Estate of RAUL MELENDEZ and MARIA LOPEZ, Individually, by their attorneys, MORTON POVMAN, P.C., as and for their Complaint against the UNITED STATES OF AMERICA alleges as follows:

### THE PARTIES

1. Plaintiffs, MARIA LOPEZ and JONATHAN CALIXTO were issued Letters of Administration of the Estate of Raul Melendez by the Surrogate's Court of the County of Kings on March 8, 2016. Plaintiff, MARIA LOPEZ, was the wife of the decedent RAUL MELENDEZ. Maria Lopez resides at 4724 New Utrecht Avenue, Brooklyn, New York 11219. Jonathan Calixto resides at 960 41st Street, Brooklyn, New York.

2. Defendant, THE UNITED STATES OF AMERICA, is a sovereign governmental body responsible for the independent establishments of the United States and corporations primarily acting as instrumentalities or agencies of the United States.

**JURISDICTION AND VENUE**

3. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§2671-2680. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b) and 28 U.S.C. §2679(d)(5).

4. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C §§1391(a)(1) and (a)(2) because it is the judicial district in which the events or omissions giving rise to decedent's death and plaintiffs' claims occurred.

5. On or about January 9, 2017 pursuant to 28 U.S.C. §2675(a), plaintiffs presented a claim in writing to the United States Department of Health & Human Services, 330 C. Street, S.W., Switzer Building, Suite 2600, Washington, D.C. 20201.

6. On or about January 11, 2018 said United States Department of Health & Human Services denied Plaintiffs' claims.

7. This action is brought within six (6) months after the date of mailing the Notice of Denial of the claim and is timely pursuant to 28 U.S.C. 2401(b).

8. Plaintiffs have, in all respects, complied with all of the statutory prerequisites for the commencement and prosecution of this action.

**THE FACTS**

9. On or about March 29, 2011 until on or about January 23, 2014 the United States of America through the United States Department of Health & Human Services funded, owned and/or operated a medical facility known as LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE, including a medical facility located at 63-17 4th Avenue,

Brooklyn, New York.

10. On or about March 29, 2011 until on or about January 23, 2014 the United States of America through the United States Department of Health & Human Services employed medical staff including physicians who provided medical services at LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE.

11. On or about March 29, 2011 until on or about January 23, 2014 the United States of America through the United States Department of Health & Human Services was vicariously liable for the medical treatment rendered to the decedent RAUL MELENDEZ by the medical staff and physicians working at LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE.

12. Starting on or about March 29, 2011 and continuing up to on or about January 23, 2014 the decedent RAUL MELENDEZ sought continuous medical treatment for epigastric pain and abdominal pain at LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE. During the medical visits at the center, he was diagnosed with gastris, helicobacter pylori infection, acid reflux and/or bloating. No tests were performed except for an abdominal sonogram on January 23, 2014. The medical staff at LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE failed to perform proper tests in order to timely and properly diagnose and treat the underlying cause for decedent's complaints and symptoms. On or about September 9, 2014 an esophagogastroduodenoscopy was performed at Lutheran Medical Center which revealed and ulcerated mass. On or about September 12, 2014 the decedent underwent a laparoscopic examination at Lutheran Medical Center which showed ascites and omental caking consistent

with gastric cancer and carcinomatosis. Decedent expired on September 24, 2014. The failure to timely and properly diagnose and treat the gastric cancer and carcinomatosis by the medical staff at LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE was a substantial factor in causing the untreated progression of the decedent's cancer and was a substantial factor in causing conscious pain and suffering and his death.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF PLAINTIFFS, MARIA LOPEZ and JONATHAN CALIXTO as CO-ADMINISTRATORS OF THE ESTATE OF RAUL MELENDEZ

13. Plaintiffs, MARIA LOPEZ and JONATHAN CALIXTO, as Co-Administrators of the Estate of RAUL MELENDEZ and MARIA LOPEZ, Individually repeats and realleges each and every allegation set forth in paragraphs "1" through "12" of this Complaint, as if set forth at length herein.

14. Upon information and belief that at all times hereinafter mentioned from on or about March 29, 2011 until on or about January 23, 2014 the United States Department of Health & Human Services held out that its physicians, medical staff, agents, servants and employees working at LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE were competent and capable of rendering proper care and treatment to the decedent, RAUL MELENDEZ.

15. That from on or about March 29, 2011 until on or about January 23, 2014 the decedent, RAUL MELENDEZ was a patient at LUTHERAN FAMILY HEALTH CENTERS PARK RIDGE.

16. The negligence and malpractice of defendant, its physicians, agents, servants and/or employees, consisted of, among

other things, in failing and neglecting to properly treat and care for the decedent; in failing and neglecting to properly, adequately, timely and correctly treat the decedent; in failing to treat and care for the decedent in accordance with the standards of care and treatment accepted in the community; in deviating and departing from customary standards of care; in deviating and departing from the good and accepted standards of medical care and treatment of the decedent; in failing to provide decedent with the proper, adequate, required and indicated care and treatment which decedent's conditions required; in failing to promptly, properly and adequately recognize, detect and consider the symptoms, signs, complaints and manifestations of said decedent's condition; in failing to afford necessary, proper, prompt and required care, treatment, diagnosis, examination, testing and management thereof; in failing to properly, adequately, correctly and timely diagnose; in making an improper diagnosis; in failing to undertake the examinations and testings necessary and required in order to correctly diagnose and treat decedent's condition; in failing to properly, promptly and adequately treat the decedent; in failing and omitting to provide proper care; in ignoring decedent's condition; in ignoring the decedent's signs, symptoms, test results and condition for a long and unreasonable period of time; in causing, allowing and permitting decedent to be and remain without proper and adequate care and treatment and procedures; in failing to provide the required and appropriate medical, surgical and/or hospital care and treatment which were required by reason of decedent's condition; in allowing and permitting the decedent to be

and remain without proper and adequate treatment and to suffer damage to his anatomy; in failing to timely and properly perform required medical procedures upon the decedent herein; in failing to undertake proper corrective treatment; in failing to obtain the proper medical consults; in performing procedures upon the decedent in a careless, negligent and improper manner; in failing to properly care for and advise; in exposing decedent to danger and harm; in failing to properly diagnose and treat decedent's gastric cancer; in failing to timely and properly diagnose and treat decedent's gastric cancer and carcinomatosis; in causing , allowing and/or permitting the decedent's cancer to progress untreated; in failing to properly provide for the safety and well being of the patient; in violating those laws, statutes, regulations and/or rules applicable hereto, of which the Court may take judicial notice, and in failing to exercise due care, prudence, diligence and forbearance herein.

17. That as a result of the foregoing, decedent suffered severe injury; became sick and disabled; sustained conscious pain and suffering; was confined to hospital and/or bed and home for a considerable period of time; was unable to attend to or participate in normal activities; incurred medical, nursing and hospital expenses; suffered great pain and anguish in body and mind; was required to undergo aid and attention in an endeavor to be cured and/or alleviated of said injuries.

18. That by reason of the foregoing, plaintiffs have been damaged in the amount of TWO MILLION ($2,000,000.00) DOLLARS plus the costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF PLAINTIFFS, MARIA LOPEZ and JONATHAN CALIXTO as CO-ADMINISTRATORS OF THE ESTATE OF RAUL MELENDEZ

19. These plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs of the complaint numbered "FIRST" through "EIGHTEENTH" inclusive, with the same force and effect as though herein more fully set forth at length.

20. That as a consequence of the foregoing, RAUL MELENDEZ, died on September 24, 2014.

21. That on the 8th day of March, 2016 the Surrogates Court of the County of Kings issued Letters of Administration of the Estate of RAUL MELENDEZ to MARIA LOPEZ and JONATHAN CALIXTO.

22. That this Cause of Action is for the wrongful death of RAUL MELENDEZ who left surviving a spouse and two children who sustained loss of society, love, care, guidance, support, economic support, pecuniary and other losses as a result of the acts and omissions of the defendants.

23. By reason of the foregoing, the Estate of RAUL MELENDEZ and his surviving spouse and children have been damaged.

24. That by reason of the foregoing, plaintiffs have been damaged in the amount of FOUR MILLION ($4,000,000.00) DOLLARS together with the costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF PLAINTIFF, MARIA LOPEZ, INDIVIDUALLY

25. This plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs of the complaint numbered "FIRST" through "TWENTY-FOURTH" inclusive, with the same

force and effect as though herein more fully set forth at length.

26. At all times hereinafter mentioned, plaintiff, MARIA LOPEZ, was the wife of the decedent plaintiff RAUL MELENDEZ and was entitled to his services, society, comfort and consortium.

27. By reason of the aforementioned, plaintiff, MARIA LOPEZ, was deprived of the services, society, comfort and consortium of her husband RAUL MELENDEZ.

28. That by reason of the foregoing, plaintiff, MARIA LOPEZ has been damaged in the amount of ONE MILLION ($1,000,000.00) DOLLARS plus the costs and disbursements of this action.

WHEREFORE, plaintiffs, MARIA LOPEZ and JONATHAN CALIXTO AS CO-ADMINISTRATORS OF THE ESTATE OF RAUL MELENDEZ AND MARIA LOPEZ, INDIVIDUALLY demands judgement against the defendant in the amount of SIX MILLION ($6,000,000.00) DOLLARS on the First and Second Cause of Action and the plaintiff, MARIA LOPEZ, Individually demands judgement against the defendant in the amount of ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action together with the costs and disbursements of this action.

Dated: Forest Hills, New York
July 6, 2018

MORTON POVMAN, P.C.

_____
BY: Morton Povman, Esq. (MP 4099)
Attorney for Plaintiff
108-18 Queens Boulevard
Forest Hills, New York 11375
(718) 268-3000
mpovman@povman.com

Civ No:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---

MARIA LOPEZ and JONATHAN CALIXTO, as Co-Administrators
of the Estate of RAUL MELENDEZ and MARIA LOPEZ, Individually,

                Plaintiffs,

    -against-

THE UNITED STATES OF AMERICA,

                Defendant,

---

COMPLAINT

---

**MORTON POVMAN, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
**108-18 Queens Boulevard
Forest Hills, New York 11375**
**(718) 268-3000**

---

**PLEASE TAKE NOTICE:**

__ <u>NOTICE OF ENTRY</u>
that the within is a (certified)true copy of an
duly entered in the office of the clerk in the within named court
on
__ <u>NOTICE OF SETTLEMENT</u>
that an order                            of which the within is true copy
will be presented for settlement to the HON.
one of the judges of the within named Court, at
                      on                      19     at         M.
Dated,

                      Yours, etc.
                      **MORTON POVMAN, P.C.**
                      **Attorney for Plaintiff**
                      **108-18 Queens Boulevard**
                      **Forest Hills, New York 11375**
                      **(718) 268-3000**

To: